IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERI TABOR, et al.,

          Plaintiffs,

v.                                      CIVIL ACTION NO.  2:12-cv-00415

TERESSA TABOR,

          Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiffs' Motion to Remand [Docket 9]. For the reasons discussed below, this motion is **GRANTED**.

### I.    Facts and Procedural History

This case arises out of the death of Robert C. Tabor. The plaintiffs are Mr. Tabor's two children, Teri Tabor and Robert Christopher Tabor, both from previous marriages. The defendant is Mr. Tabor's wife, Teressa Tabor. Mr. Tabor passed away on February 1, 2012, and he died intestate. The plaintiffs allege that, "Defendant Teressa Tabor has seized, possesses or otherwise has access to all property, whether real or personal, that should be included in the estate, denying Plaintiffs access to the same. Moreover, Defendant has taken such property out of West Virginia in an intentional and malicious attempt to prevent Plaintiffs from making a claim to the property and/or the estate." (Compl. [Docket 1-1], at 4.)

The complaint includes four counts. Count one asserts that, "the intentional and malicious acts of defendant, Teressa Tabor constitute an intentional and personal tort against plaintiffs." (*Id.*) Count II does not appear to allege an independent cause of action. Instead, it states that the defendant, "acted in an extreme and outrageous manner toward Plaintiffs in committing intentional and malicious acts against Plaintiffs." (*Id.*) Count III claims that the defendant took possession of personal property that belonged to the plaintiffs and transported it out of West Virginia. (*Id.* at 5.) Finally, Count IV alleges that Ms. Tabor has been named the Administratrix of Mr. Tabor's estate in another jurisdiction and therefore breached her fiduciary duty. (*Id.*) The plaintiffs seek, "the damages against Defendant for actual financial loss as well as reasonable damages for pain, humiliation, embarrassment, degradation, emotional distress, mental anguish, annoyance and inconvenience, in an amount to be determined by the jury in the trial of this action, as well as for attorney fees, costs and any other remedy allowable by law." (*Id.* at 6.)

## II.     Legal Standard

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.* Removal in the instant case is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between -- (1) citizens of different States." 28 U.S.C. § 1332(a).

In this case, diversity of citizenship is not in dispute. The plaintiffs reside in Kanawha County, West Virginia, and the defendant resides in Florence, South Carolina. Rather, the plaintiffs claim that the defendant has not met her burden of proving the amount in controversy. Because there is no *ad damnum* clause in the complaint asking for an amount exceeding $75,000, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001). The amount in controversy is what the plaintiff claims to be entitled to or demands. *Scaralto v. Ferrell*, No. 2:11-cv-00533, 2011 WL 5966349, at *5 (S.D. W. Va. Nov. 29, 2011). In this case, there is no direct evidence of what the plaintiff claims to be entitled to. Instead, I must look to the totality of the circumstances and can consider, among other things, "the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate." *McCoy*, 147 F. Supp. 2d at 489. I use this information to estimate the amount that a reasonable plaintiff would demand or claim. *Scaralto*, 2011 WL 5966349, at *6.

### III. Analysis

In the Notice of Removal, the defendant states that the plaintiffs seek to recover damages for "emotional distress, irreparable pain, embarrassment, humiliation, financial loss, degradation, and mental anguish, as well as annoyance and inconvenience." (Notice of Removal [Docket 1], at 2.) The defendant also claims that the plaintiffs ask for punitive damages. (*Id.*) Therefore, the defendant argues that "[c]onsidering the breadth and severity of the allegations in Plaintiffs'

3

Complaint, as well as their assertion of punitive damages," the amount in controversy exceeds $75,000. (*Id.*)

The plaintiffs contend that the "breadth and severity" of the allegations alone is insufficient to sustain the defendant's burden of proof. Additionally, the plaintiffs state that they have not sought punitive damages in their complaint. Finally, the plaintiffs request an award of costs and attorneys' fees, arguing that the defendant had no reasonable basis for removal.

In response, the defendant explains that the plaintiffs seek compensatory damages for the defendant's conversion of a 2005 Dodge truck, a bank account, an ATV with a trailer, and a collection of guns. The defendant further alleges that based on an exhibit filed by the plaintiffs, the bank account contains $16,500. (Def.'s Resp. Opp. Pls.' Mot. Remand [Docket 13], at 2.) In addition, the defendant claims that the truck should be valued at $10,000. Finally, the defendant maintains its position that the plaintiffs asked for punitive damages in their complaint, explaining that if the plaintiffs did not seek punitive damages, the words "maliciously," "intentionally," "willfully," "recklessly," "wantonly," and "fraudulently" would be rendered meaningless. (*Id.* at 5.) In their reply brief, the plaintiffs claim that the $16,500 bank account balance is "a flagrant attempt to mislead the Court." (Pls.' Reply Def.'s Resp. Opp. Pls.' Mot. Remand [Docket 15], at 2.) The bank account had a $16,500 balance on December 31, 2011, but the exhibit also includes a notice of insufficient funds for a $327.79 withdrawal on January 29, 2012, just before Mr. Tabor passed away.

After reviewing the parties' arguments and the record, I **FIND** that the defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. First, the plaintiffs' request for relief does not seek punitive damages. As the

defendant points out, there are words in the complaint indicating that the defendant's actions were egregious, but I can only speculate as to whether the plaintiffs will ask for punitive damages at some point in the future. *See Sullivan v. Doe*, No. 3:11-0923, 2012 WL 215857, at *2 (S.D. W. Va. Jan. 24, 2012) ("[A]lthough Plaintiff may request punitive damages at some point in the future, he has not made a claim for such damages at this point in time.") Second, Mr. Tabor's bank statement reveals that at the time of his death, his account was worth less than $327.79. The $16,500 balance from December 2011 does not accurately reflect what the plaintiffs are seeking in this case.

In sum, the defendant has submitted evidence that the plaintiffs seek compensatory damages for the bank account, which has nominal value, a 2005 Dodge truck, which the defendant estimates is worth $10,000, and an ATV with a trailer and collection of guns. The defendant has submitted no evidence as to the value of the ATV and collection of guns. In addition to the compensatory damages, the plaintiffs seek damages for "pain, humiliation, embarrassment, degradation, emotional distress, mental anguish, annoyance and inconvenience." (Compl. [Docket 1-1], at 6.) Accounting for the estimated $10,000 in compensatory damages, the defendant has offered no evidence that the plaintiffs' request for noncompensatory damages places over $65,000 in dispute. Moreover, there is no *ad damnum* clause in the complaint, and the defendant has not submitted a settlement demand by the plaintiffs. There is also no evidence in the record of verdicts in similar cases. Accordingly, the defendant offers no more than speculation and conclusory allegations that the amount in controversy exceeds $75,000. *See Bentler v. Haner*, No. 2:11-cv-00481, 2011 WL 5102675, at *2 (S.D. W. Va. Oct. 25, 2011) ("The defendants have failed to provide more than mere speculation that the amount in

5

controversy exceeds $75,000, and there is insufficient evidence based on the face of the Complaint to determine that the amount in controversy meets the jurisdictional minimum.") Because the defendant has not met its burden of proof, I **GRANT** the plaintiffs' motion to remand and **ORDER** that this case be **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

The plaintiffs also request that the court award them costs and fees. 28 U.S.C. § 1447(c) provides, in part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). While the defendant's arguments for removal are ultimately unpersuasive, I nevertheless **FIND** that the defendant had an objectively reasonable basis for seeking removal. Accordingly, the plaintiffs' request for costs and fees is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                      ENTER:       April 26, 2012

                                      *[signature]*
                                      Joseph R. Goodwin, Chief Judge